IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Joyce Wright, | Civil Action No. 9:12-3243-SB-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Boys and Girls Clubs of the Lowcountry, and Douglas A. Barry and Dick Farmer, | |
| Defendants. | |

This matter is before the Court on the defendants' partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement. [Doc. 5.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

The plaintiff is an African-American female who was employed by Defendant Boys and Girls Club of the Lowcountry (BGCL) as the Unit Director of the Hilton Head Club for approximately five years. (Compl. ¶¶ 1-2, 9.) Defendant Douglas Barry was the Chief Professional Officer for BGCL and Defendant Dick Farmer was the President of the Hilton Head Club and human resource officer with BGCL at the time. (Compl. ¶¶ 3-4.)

It was discovered in an audit in early 2011 that a thirteen-year employee of the Hilton Head Club did not have a background check on record. It is alleged that Defendant BGCL informed the plaintiff that the employee allegedly had a sexual offense and was to be terminated. (Compl. ¶ 10.) The plaintiff subsequently met with the employee and terminated his employment. *Id.* In July 2011, this same employee came to the club without invitation to visit the staff. The plaintiff contends that she was in a meeting and unaware of his arrival and that she escorted him off the premises after learning of his presence. (Compl. ¶ 11.) The same employee came by the next day to drop off a music CD, and he was escorted off the premises by the plaintiff. (Compl. ¶ 12.) On July 14, 2011, the plaintiff was suspended for a week for knowingly letting a registered sex offender into the club, which she denies. (Compl. ¶ 13.) The plaintiff was asked to resign her position and, ultimately, her employment was terminated, on July 28, 2011. (Compl. ¶ 13.)

## APPLICABLE LAW

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

The defendants request that the plaintiff's defamation claim be dismissed or, in the alternative, that she be made to render a more definite statement of it. Specifically, the defendants contend that the plaintiff has not identified what statements were made, or by whom they were made, such that necessary defenses can be pled.[1] The plaintiff, however, has averred the following:

> The defendants and other employees and agents of the BGCL published and republished statements to other employees and members of the public that declared and insinuated that the Plaintiff knowingly allowed a registered

---

[1] In South Carolina, the "elements of defamation include: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Murray v. Holnam, Inc.*, 542 S.E.2d 743, 748 (S.C. Ct. App. 2001) *(citing Holtzscheiter v. Thomson Newspapers, Inc.*, 506 S.E.2d 497 (1998)).

3

> sex offender to work at the club and for knowingly allowing a registered sex offender into the club after termination and around children.

(Complaint ¶ 21).  The alleged defamatory message, therefore, is clear.  The plaintiff has also made some generalized attempt to identify the publishers.  Dismissal does not seem in order.  Even still, courts in this circuit have generally agreed that, in defamation cases, Rule 8 of the Federal Rules of Civil Procedure, requires the inclusion of more information as to content, timing, audience, and method than is present here, before a defendant can adequately respond in keeping with its own obligations under the Rules. *See, e.g., Esancy v. Quinn*, 2005 WL 1806413, at *4 (W.D.N.C. July 21, 2005) ("Plaintiff never identifies the statements by content, date, manner or recipient. These vague descriptions provide no notice to Defendant as to the basis of Plaintiff's claim of defamation and, as a result of these overly vague descriptions, Defendant is unable to respond to these allegations.")

Additional detail is probably a reasonable course.  Rule 12(e) states:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).  "'A motion for a more definite statement is ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail.'" *Valentine v. Brock & Scott, PLLC*, 2010 WL 1727681, at *2 (D.S.C. April 26, 2010) (quoting *Gleichauf v. Ginsberg*, 859 F. Supp. 229, 233 (S.D.W. Va.1994)).  Whether a

4

motion for a more definite statement should be granted is "generally left to the district court's discretion." *Hodgson v. Virginia Baptist Hosp.*, 482 F.2d 821, 824 (4th Cir.1973).

The undersigned would recommend a more definite statement of the kind requested by the defendants. The Court would recommend and encourage inclusion of as many specific time frames, even if only in approximation, and other circumstances, including audience, as present information allows.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendants' motion to dismiss or, in the alternative, for a more definite statement [Doc. 5] should be GRANTED in part and DENIED in part. Specifically, the motion to dismiss should be DENIED and the motion for a more definite statement, GRANTED. The plaintiff should file her amended Complaint within fifteen (15) days of the adoption by the district court of this recommendation, if at all.

IT IS SO RECOMMENDED.

                                   s/Bruce Howe Hendricks
                                   United States Magistrate Judge

May 30, 2013
Charleston, South Carolina.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).