IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Joyce Wright, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 9:12-3243-SB |
| ) | |
| Boys and Girls Clubs of the ) | |
| Lowcountry, and Douglas A. Barry ) | **ORDER** |
| and Dick Farmer, ) | |
| ) | |
| Defendants. ) | |



This matter is before the Court upon the Magistrate Judge's report and recommendation ("R&R"), which was filed on May 30, 2013, and wherein she recommends that the Court deny the Defendants' motion to dismiss the Plaintiff's defamation claim but grant the Defendants' motion for a more definite statement of the defamation claim.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must

'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court hereby **adopts the R&R** (Entry 16) as the Order of the Court and incorporates it herein, and it is

**ORDERED** that the Defendants' motion (Entry 5) is granted in part and denied in part. Specifically, the Court denies the Defendants' motion to dismiss the Plaintiff's defamation claim but grants the Defendants' motion for a more definite statement of the defamation claim. The Plaintiff shall file her amended complaint within fifteen days of the date this order is filed.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

June 24, 2013
Charleston, South Carolina