IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Joyce Wright, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:12-cv-3243-SB |
| v. ) | |
| ) | |
| Boys and Girls Clubs of the ) | **ORDER** |
| Lowcountry, and Douglas A. Barry ) | |
| and Dick Farmer, ) | |
| ) | |
| Defendants. ) | |



The Plaintiff filed her complaint on November 12, 2012, alleging employment discrimination against the Defendants. On August 13, 2013, the Defendants filed a motion to dismiss based on the Plaintiff's lack of prosecution and failure to comply with the Court's orders. In their motion, the Defendants point out that the Plaintiff failed to retain new counsel or notify the Court whether she intended to proceed pro se, as she was ordered to do by the United States Magistrate Judge on June 13, 2013. In addition, the Defendants point out that the Plaintiff failed to file an amended complaint within the time granted by the Court in orders filed on June 13 and July 17.

After the Defendants' filed their motion to dismiss, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on August 16, 2013, advising the Plaintiff of the dismissal procedures and the possible consequences if she failed to respond adequately to the Defendants' motion. Despite this explanation, the Plaintiff failed to respond. Therefore, on October 16, 2013, the Magistrate Judge issued a second order, giving the Plaintiff until November 5, 2013, to respond. The order

specifically advised the Plaintiff that this case would be subject to dismissal for failure to prosecute if she failed to respond. When the Plaintiff again failed to respond, the Magistrate Judge issued a report and recommendation ("R&R") on November 12, 2013, recommending that the Court grant the Defendants' motion and dismiss this action with prejudice based on the Plaintiff's failure to prosecute. Attached to the R&R was a notice advising the Plaintiff of her right to file specific, written objections to the R&R within fourteen days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, no objections were filed. Therefore, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court hereby **adopts the R&R** (Entry 38), and it is

**ORDERED** that the Defendants' motion to dismiss (Entry 33) is granted, and this

2

matter is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on the Plaintiff's failure to comply with the Court's orders.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

December 3, 2013
Charleston, South Carolina

